UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LC. BALLARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-122 SNLJ ) |
| MIKE JABBAR, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the request of plaintiff LC. Ballard for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(l). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(l)

Pursuant to 28 U.S.C. § 1915(b)(l), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward

1

these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris,* 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *ajf'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "(t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiffs proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, an inmate at the Missouri Eastern Correctional Center ("MECC"), seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are: Mike Jabbar (Owner, Gas Mart Six); Gas Mart Six Staff on January 27, 2017; Adam Jabbar (Store Manager); Tafany Jabbar (Operational Manager); Insurance Company of Gas Mart Six; Midwest St. Louis, LLC (Associate Partner); Unknown Property Owner; and the City of St. Louis. Plaintiff claims he is suing defendants in their individual and official capacities.

Plaintiff alleges that his father was a customer at the Gas Mart Six on January 27, 2017 when he collapsed at 5:00 pm while pumping gas. Plaintiff claims that the Gas Mart Six Staff had a clear view of all gas pumps from inside of the store as well as video cameras monitoring the parking lot. Nonetheless, plaintiff asserts that the staff from Gas Mart Six "failed and refused" to notice that his father had fallen to the ground.

Plaintiff asserts that although an "unknown angel bystander called 911 and EMS medical personnel started CPR upon arrival, his father was pronounced dead upon arrival to St. Louis University Hospital. Plaintiff believes that it was negligent for the staff at Gas Mart Six to have failed to notice his father lying on the ground at the gas station and failed to have offered aid

3

immediately. Plaintiff also sues the City of St. Louis for issuing a business license to Gas Mart Six.

Plaintiff seeks compensatory and punitive damages in this action.

## Discussion

### A. Claims Brought Pursuant to 42 U.S.C. § 1983.

Plaintiff's § 1983 claims are without merit and should be dismissed. With the exception of the City of St. Louis, none of the defendants are state actors for purposes of § 1983. *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams,* 474 U.S. 327, 328 (1986). Although a § 1983 action can be maintained against private persons who act in concert with state officials to deprive an individual of federally protected rights, *see Adickes v. S H Kress and Co.,* 398 U.S. 144, 152 (1970), plaintiff has failed to allege any facts indicating that the City of St. Louis had a "common understanding" suggesting a "meeting of the minds" with the private actors. *Id.* at 158.

Moreover, plaintiff has alleged nothing to indicate that the City of St. Louis deprived him of his federally-protected rights. Plaintiff's sole allegation as to this defendant is that the City of St. Louis should never have issued a business license to Gas Mart Six because the City should have known that the owner of the Gas Mart would act negligently if a medical emergency would occur at their place of business. In effect, plaintiff is seeking to extend a respondeat superior theory between the City of St. Louis and Gas Mart Six, a private corporation. This Court declines to do so.

Moreover, any failure on the part of the City relating to licensing would be a state law violation which is not actionable under § 1983 action. *See Bagley v. Rogerson,* 5 F.3d 325, 328-29 (8th Cir. 1993); *Meis v. Gunter,* 906 F.2d 364, 368-69 (8th Cir. 1990). Last, because

diversity of citizenship is lacking, the Court will not construe this action as arising under 28 U.S.C. § 1332.

## B. This Court Lack Diversity Jurisdiction Over Plaintiff's Claims

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham,* 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.,* 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir. 2007).

As noted above, the instant action clearly does not arise under the Constitution, laws or treaties of the United States, nor does this case involve constitutional violations that arise under 42 U.S.C. § 1983. Therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

This Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 either, because plaintiffs complaint establishes that he and the defendants are citizens of the same state.[1] By signing the complaint, plaintiff certified that his representations to the Court, including those regarding the citizenship of the parties, had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Accordingly, the Court determines that it lacks jurisdiction over this action, and will dismiss this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### C. Claims Brought Pursuant to Missouri State Law.

To the extent that plaintiff is attempting to assert state-law claims, including a wrongful death claim under Missouri state law, the Court will decline to exercise jurisdiction over them. Where federal claims in an action have been dismissed, district courts may decline jurisdiction over state claims as a "matter of discretion." 28 U.S.C. § 1367(c)(3); *Hassett v. Lemay Bank and Trust Co.,* 851 F.2d 1127, 1130 (8th Cir. 1988). The Supreme Court has stated that if "the federal claims are dismissed before trial … the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *see Condor Corp. v. City of St. Paul,* 912 F.2d 215, 220 (8th Cir. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall pay an initial partial filing fee of $1.00 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

---

[1] "It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican,* 552 F.2d 249, 250 (8th Cir. 1977).

prisoner registration number; (3) the case number; and (4) that the remittance is for the filing of the instant complaint.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over plaintiffs complaint and/or the complaint is fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that to the extent plaintiff wishes to assert additional state law claims, the Court declines to exercise jurisdiction over such claims. *See* 28 U.S.C. § 1367(c).

Dated this _____ day of _____, 2020

                               STEPHEN N. LIMBAUGH, JR.
                               UNITED STATES DISTRICT JUDGE